# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

## In re TROY A. SMOCKS

Case Number: _____

## EMERGENCY PETITION FOR WRIT OF PROHIBITION

### I.  VENUE

This lawsuit attacks the validity of a federal sentence, for lack of jurisdiction over

the person of the Petitioner in the sentencing court, pursuant to 28 U.S.C. §

1651(a), which prescribes:

> The Supreme Court and all courts established by Act of Congress may
> issue all writs necessary or appropriate in aid of their respective
> jurisdictions and agreeable to the usages and principles of law.

### II.  SUBJECT MATTER JURISDICTION

This Petition for Writ of Prohibition is predicated upon Rule 21(a) .

Mark J. Lieberman
1704 Pine Hills Lane
Corinth, Texas 76210
(817) 905-3772  telephone
mjc358@hotmail.com
Attorneys for Troy Anthony Smocks
Dated: September 24, 2022

## STATEMENT OF RELATED CASES

This cause is predicated upon the underlying related cases:

    (a) Petition For Writ of Habeas Corpus, In re Smocks, E.D. of Texas Case No. 4:22-cv-00592-ALM-KPJ.

    (b) United States v. Smocks, U.S. District Court District of Columbia, Case No. 1:21-cr-00198-TSC.

## RELIEF SOUGHT

Troy Anthony Smocks known from hereinafter as the ("Relator") respectfully requests that the Court grant its peremptory Writ of Prohibition and: (1) abstain the United States Probation Office for the Eastern District of Texas, and its officers, from forcefully installing upon the Relator's electronic devices to include but not limited to, his personal computer(s) and cellular phone, a software tool that will: (1) aid in the infringement upon the Relator's First Amendment Right to exercise the freedom of speech, as guaranteed by the Constitution of the United States, and Article 1 Section 8 to the Texas State Constitution; and (2) abstain the United States Probation Office from offending  the September 16, 2022, opinion of the Fifth Circuit Court of Appeals in *NetChoice, LLC v. Paxton*, 21-51178 and the statutory laws to the state of Texas, where the First Amendment Rights of Texans are concerned.

2

## ISSUES PRESENTED

(a)     Whether the United States Probation Office for the Eastern District of Texas should be abstained from violating Texas statutory law, and the Fifth Circuit Court of Appeals, September 16, 2022 decision in *NetChoice, LLC v. Paxton*, 21-51178, regarding the censorship of speech and for violating the privilege of attorney work product.

(b)     Whether this Court should direct the United States Probation Office for the Eastern District of Texas and its subordinate officers, to abstain from forcefully installing upon the Relator's personal and private electronic devises a software program for allowing the government to monitor and unlawfully censor the Relator's right to free and protected speech, and attorney client privilege.

## FACTS NECESSARY TO UNDERSTAND PETITION

1.     The Relator is a resident of Texas for the purpose of *NetChoice* and resides in the Eastern District of Texas.

2.     The Relator serves as legal assistant for various criminal lawyers throughout the United States and operates under the privilege of Attorney Work Product.

3.     On July 6, 2022, the Relator brought forth a free standing claim of actual innocence in a pending habeas corpus action in the United States District Court for the Eastern District of Texas, Case No. 4:22-cv-00592-ALM-KPJ, predicated upon

"constitutionally protected *political speech*" involving a cell phone communication on "January 6[th]", and relating to the 2020, Presidential Election where the Relator favored President Donald J. Trump, against opposing District of Columbia political viewpoints.

4. On July 27, 2022, officers from the United States Probation Office for the Eastern District of Texas, made contact with the Relator and requested that Relator voluntarily sign a document entitled Waiver of Hearing to Modify Conditions of Probation / Supervised Release or Extend Term of Supervision. See *(Attached Exhibit 1)*. Under the advice of counsel the Relator declined to voluntarily sign the waiver.

5. On July 28, 2022, counsel for the Relator notified the United States Probation Office for the Eastern District of Texas, that Relator had recently filed with the Eastern District of Texas, a Petition for Writ of Habeas Corpus challenging the validity of restraint against the Relator on the bases of insufficient jurisdiction in the District of Columbia federal courts.

6. Counsel advised the U.S. Probation Office via email, that due to the July 6, 2022, filing for habeas relief, jurisdiction over the Relator and validity of the underlying case was now vested in the habeas corpus court under U.S. District Judge Amos Mazzant III. See *(Attached Exhibit 2)*.

7.    On September 7, 2022, the United States Probation Office for the Eastern

District of Texas, filed with the district court in the District of Columbia, a request

to modify the Relator's terms and conditions of Supervised Release, so as to allow

the U.S. Probation Office and its subordinates, authority to search at will, the

Relator's electronic devises to include computers, cell phones, and all *third party*

devices that the Relator may use in the course of business, studies, finances,

religious, and social related activities. See *(Attached Exhibit 3 at Page ¶ 2)*.

8.    On September 17, 2022, the Relator was served with a Summons to Appear

via Zoom, before the district court for the District of Columbia on Tuesday,

October 4, at 12:30 to formally address the request by the United States Probation

Office. See *(Attached Exhibit 4)*.

9.    This Petition For Writ of Prohibition diligently followed.


## REASONS FOR GRANTING THE WRIT

10.    This Court should grant the writ so as to enforce the legal decision of the

United States Court of Appeals for the Fifth Circuit. Accordingly, the recent

September 16, 2022, ruling by the Fifth Circuit in *NetChoice, LLC v. Paxton*, 21-

51178, establishes circuit law that prohibits, and would otherwise bar the forced

application of a computer software monitoring system upon the Relator to censor

protected speech. In that, the software is indented to be used as *the "Platform"* or

like tool as determined by the court in *NetChoice,* for allowing the unconstitutional censorship of speech upon Texans.

11.    The objective of the United States Probation Office is to impose upon the Relator censorship based on viewpoint politics.

12.    The merits to this argument, and more specifically the censorship intended by the United States Probation Office is unambiguously stated within its pleading to modify  as set out in Attached Exhibit 3, page 2 ¶ 4, where the United States Probation Office states;

> "…supervision might include prohibiting the person under supervision from owning or operating a computer, prohibiting the use of a device to access the internet, bulletin board systems, or chat rooms, and computer search."

13.    Under the terms of the proposed modification, the Relator is subjected to arbitrary control over his entire life, to include business affairs, banking, shopping, intimate communications between spouses, and other privileged conversations where the authority to ban the Relator from all technology uses rest in the discretionary viewpoints of a government agency.

14.    In the Relator's case, these prohibitions are subject to, or otherwise based on censored *speech* or the political viewpoints of the officer and the District of Columbia federal judge who imposes the new Supervised Release modification.

Moreover, the Relator resides in the state of Texas which has in place statutory laws which prohibits the intended actions by the United States Probation Office.

15.     Under Texas law, "censor means" "to block, ban, remove, deplatform, demonetize, de-boost, restrict, deny equal access or visibility to, or otherwise discriminate against expression."" *NetChoice, LLC v. Paxton*, No. 21-51178, at *3 (5th Cir. Sep. 16, 2022).

16.     The United States Probation Office pleads in Attached Exhibit 3, page 2 ¶ 4,

"Mr. Smocks' offense consist of using a computer devise as an instrument/tool."

17.     This Court should be aware to the fact that the Relator is a former January 6th defendant, and the "offense" in question, is but one of the habeas corpus challenges now pending in this district court for First Amendment protected speech deprivation.

18.     Accordingly, within that habeas challenge, Relator brings forth a free standing claim of actual innocence predicated upon "constitutionally protected *political speech*" involving a cell phone communication on "January 6[th]", and relating to the 2020 Presidential Election where Relator favored President Donald J. Trump, against the opposing District of Columbia political viewpoints.

19.     As the court just determined in *NetChoice*, the employment of such a software application like the one intended for use against the Relator, forms as the *Platform* or at best, a symbolic version thereof, meant to censor or otherwise *chill*

First Amendment political speech. Whereas the result of such a software application as intended by the United States Probation Office, constitutes a First Amendment restriction on not merely the Relator's speech, but serves equally to censor "*other people's speech*" within the Relator's constitutionally protected right to "*receive*" such speech by other people. *NetChoice, LLC v. Paxton*, No. 21-51178, at *2-3 (5th Cir. Sep, 16, 2022). Again this conduct is statutorily unlawful in the state of Texas.

> "...the business of the \*\*\* platforms is hosting the speech of others. Functioning as conduits for both makers and recipients of speech, \*\*\*\* It follows from the first two cases that in arbitrarily excluding from their platforms the makers of speech and preventing disfavored speech from reaching potential audiences" *NetChoice, LLC v. Paxton*, No. 21-51178, at *90 (5th Cir. Sep. 16, 2022)

20.   As the Court of Appeals continued to determine in *NetChoice*,

> "Numerous members of the public depend on social media platforms to communicate about civic life, art, culture, religion, Case: 21-51178 Document: 00516474571 Page: 55 Date Filed: 09/16/2022 No. 21-51178 56 science, *politics*, school, family, and business. The Supreme Court in 2017 recognized that social media platforms "for many are the principal sources for knowing current events, checking ads for employment, speaking and listening in the modern public square, and otherwise exploring the vast realms of human thought and knowledge." *Packingham*, 137 S. Ct. at 1737. The Court's *"modern public square"* label reflects the fact that in-person social interactions, cultural experiences, and economic undertakings are increasingly being replaced by interactions and transactions hosted or facilitated by the Platforms. (Emp added) \*\*\* These decisions reflect the modern

intuition that the Platforms are the forum for *political discussion and debate*, and *exclusion from the Platforms amounts to exclusion from the public discourse*. And for many, the Platforms are also no less central to quotidian discussions about matters like school, family, and business, than they are to debates about politics, science, and religion." (Emp added)

The practical upshot is that telephone companies, email providers, shipping services, or any other entity engaged in facilitating speech can acquire a First Amendment license to censor disfavored viewpoints by merely gesturing towards "safety" or "dignity." That is not the law, as *Miami Herald* and *Turner     I* illustrate     and *PruneYard* and *Rumsfeld* confirm. *NetChoice, LLC v. Paxton*, No. 21-51178, at *87 (5th Cir. Sep. 16, 2022)

21.     Pursuant to *NetChoice* and those cases relied upon, the United States Probation Office is an "entity" within the Court's descriptive language pertaining to "*any other entity engaged in facilitating speech*..."

22.     Under Texas state law and the Fifth Circuit Court of Appeals decision in *NetChoice,* the United States Probation Offices (at lease those facilitated in the state of Texas) that engage in speech censorship under the guise of "safety and dignity" are statutorily prohibited from forcefully installing a software application upon the Relator's electronic devices that are meant for censoring speech.

23.     The *NetChoice* court determined that for Section 7 to apply, a censored user must reside in Texas, do business in Texas, or share or receive expression in Texas. *Id.* § 143A.004(a)-(b). Accordingly, the Relator is a Texan. "No man in this country is so high that he is above the law. No officer of the law may set that law

at defiance with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law, and are bound to obey it. *Bowdoin v. Malone*, 284 F.2d 95, 100 (5th Cir. 1960).

## THE ATTORNEY WORK PRODUCT FACTOR

24.    The Relator has reasonable cause to fear that the *new* probation modification recommendation by the United States Probation Office may inadvertently serves as a tactical tool for allowing the government to know the civil ligation strategies, and communications between the Relator and his civil litigations law firm, against agents of the federal government itself.  As evidenced by the pleading of the United States Probation Office which provides;

> "The special condition the Court imposed originally only allows the USPO to ensure the person under supervision is not tampering with or circumventing the computer monitoring software." See (Attached Exhibit 3 Page 2 ¶ 3.

25.    The "original" condition by the District of Columbia was inapplicable to the Relator for reason that Relator's underlying offence was predicated solely on *speech* opposed to fraud, theft or pornography. Moreover, the Relator has been an essential part to the legal defense teams of various January Six criminal defendants whose cases are still pending before the federal district courts in the District of Columbia.

26.     The Relator routinely conducts online legal research for *this* attorney, and other defense counsels all across the country, and that, said research is vital to the affective assistance of relevant defense counsels.

27.     Because of this factor, Relator's computer devises and electronic data are protected and privileged from government monitoring under attorney client work product. "The work-product doctrine protects materials prepared by or for an attorney in preparation for litigation. *Hickman v. Taylor*, 329 U.S. 495 (1947). "The law of the Fifth Circuit is that privilege can apply where litigation is not imminent." " *Premier Dealer Servs., Inc. v. Duhon*, CIVIL ACTION NO: 12-1498, at *7 (E.D. La. Nov. 8, 2013). The recommendation of the United States Probation Office is unconstitutional on its face as applied to the Relator.

28.     Due to the events of "January 6th" the Relator is engaged in several civil lawsuits against agents of the federal government to include the underlying habeas corpus action now pending in the Eastern District of Texas. Accordingly, said litigation requires the Relator to communicate with his legal counsel, and other members of the litigation team, absent governmental intrusion into the Relator's privacy and litigation strategies. "Such a privacy interest exists in the electronic contents of computers and cell phones. *See Riley v. California* , —— U.S. ——, 134 S.Ct. 2473, 2485, 189 L.Ed.2d 430 (2014)" *United States v. Turner*, 839 F.3d 429, 434 (5th Cir. 2016).

## THE INHERENT RIGHT TO PRIVACY FACTOR

29.   The recommendation of the United States Probation Office violates Texas statutory law, the Relator's Fourth Amendment Privacy Right and the Fifth Amendment's inherent right against would be self incrimination. "Cell phones are sophisticated devices holding a wealth of personal information and comprehensive insight into a person's privacy." *Scott v. Complete Logistical Servs.*, CIVIL ACTION NO: 19-11672 SECTION: "T" (4), at *2 (E.D. La. July 16, 2021). In our modern day of technology, these devices are essential in business, case management, and attorney / client communications. Texas law limits the ability of entities to engage in censorship activities by imposing anti-discrimination policies. Accordingly, and like social media platforms the United States Probation Office is an entity and "may not censor a user, a user's expression, or a user's ability to receive the expression of another person based on: (1) the viewpoint of the user or another person; (2) the viewpoint represented . . .; or (3) a user's geographic location." TEX. CIV. PRAC. &REM. CODE § 143A.002(a).

30.   Further, the Relator, owns and operates a licensed business in the state of Texas, whereby such a broad and sweeping invasion into the Relator's privacy, predicated on viewpoints of the United States Probation Office would directly infringe upon the personal privacy interest of all third parties to include the Relator's business clients.

12

31.    Third party business clients would surely find discomfort in knowing the federal government could monitor their private affairs through electronic devices with the Relator. The actions intended by the United States Probation Office, is tantamount to a death sentence for the Relator's business and livelihood. Such action would further chill confidential relations between the Relator, his Clergy, and his legal counsel. For these reasons the Court's Writ of Prohibition should issue.


## CONCLUSION

The Relator by and through counsel prays that this Honorable Court will Grant its WRIT OF PROHIBITION upon the arguments and legal authorities presented herein.


Dated this 30th day of September, 2022.


Respectfully submitted,

Mark J. Lieberman. (12332520)
1704 Pine Hills Lane
Corinth, Texas 76210
(817) 905-3772  telephone
mjc358@hotmail.com
Attorneys for Troy Anthony Smocks

13

## CERTIFICATE OF SERVICE

I certify that I served a copy of the Emergency Petition for Writ of Prohibition on September 30, 2022 by Certified U.S. Mail on the following persons:

Austin LaBudda
United States Probation Office
500 N. Central Expy Ste 220
Plano, Texas 75074

United States District Judge
Tanya S. Chutkan
333 Constitutional Ave. NW
Washington, DC 20001

## CERTIFICATE OF COMPLIANCE

I certify that this Emergency Petition For Writ Of Prohibition contains 2,798 words. It is formatted in the 14 point, Times New Roman font. And is formatted within 1 inch borders with the appropriate page numbers centered at the bottom of each page.

Dated this 30th day of September, 2022.

/s/ Mark J. Lieberman
Mark J. Lieberman. (12332520)
1704 Pine Hills Lane
Corinth, Texas 76210
(817) 905-3772  telephone
mjc358@hotmail.com
Attorneys for Troy Anthony Smocks

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

In re TROY A. SMOCKS

Case Number: _____

## ORDER
## GRANTING EMERGENCY WRIT OF PROHIBITION

The matter before this Court comes on Relator through counsel EMERGENCY
PETITION FOR WRIT OF PROHIBITION. The Court having considered the
legal authority and arguments presented, it is the opinion of the Court that the Writ
of Prohibition should be, and is therefore GRANTED. It is Further the Order of
this Court that the clerk shall cause the docket in this matter to reflect the entry
constant with this Order.

PROB 49-DC

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

US vs. Troy Smocks                    Criminal Number: 0090 1:21CR00198-001

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I understand I am entitled by statute to a hearing and assistance of counsel before any unfavorable change may be made in the conditions of supervision and/or extension of the period of supervision. I understand I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel, or I may ask the Court to appoint counsel for me without any cost to me if I sufficiently demonstrate to the Court that I am unable to pay for counsel.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

Computer Monitoring - You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use.

Witness:        _____
                United States Probation Officer

Signed:         _____
                Troy Smocks
                Probationer or Supervised Releasee

Date:           _____



From: **Lieberman Mark** mjc358@hotmail.com
Subject: Troy Smocks
Date: August 2, 2022 at 2:52 PM
To: Austin_LaBudda@txep.uscourts.gov

Austin LaBudda
U.S. Probation Officer
Eastern District Of Texas
Austin_LaBudda@txep.uscourts.gov

July 28, 2022

Re: 4:22-cv-00592-ALM-KPJ Smocks v. District Court For The District of Columbia

Dear Officer LaBudda,

My name is Mark Lieberman, and I am the attorney representing Mr. Troy A. Smocks in the above referenced habeas corpus matter filed in the U.S. District Court for the Eastern District of Texas, on or about July 6, 2022 and is currently pending. On yesterday July 27, 2022 and during a visit with Mr. Smocks at his address, your office presented my client with a document originating from the defendant in the above referenced cause entitled "Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision." During the course of your communication with my client your office requested that Mr. Smocks sign the relevant waiver by or before Friday, July 29, 2022.

Due to the nature of the pending litigation and in the protection of Mr. Smocks' habeas interest and Constitutional Rights, I have advised my client to decline placement of his signature to the presented document. I will further add the document as a file exhibit to the instant litigation. Moreover, pursuant to the filing nature of this cause of action, all authority over the underlying cause, i.e., U.S. v. Smocks 0090-1:21-cr-00198-001, by law is now vested in the United States District Court for the Eastern District of Texas and shall remain, pending the final adjudication of the instant habeas matter.

Mr. Smocks, has also filed with the E.D. of Texas a document entitled "Motion For Emergency Stay of Supervised Release" pending the formal resolution of all relevant issues. I am most confident that the Court will advise your office of the up and coming proceedings in the days to come.

Should you have further questions in this regard, please feel free to contact me.

Mark Lieberman
1704 Pine Hills Lane
Corinth, Texas 76210
(817) 905-3772



EXHIBIT

2

**PROB 12B-DC**
(Rev. 11/18)

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

**U.S. Probation Office Petition**
(Status Report/Request for Summons)

| | |
|---|---|
| Sentencing Judge: | Tanya S. Chutkan<br>United States District Judge |
| Date: | 09/07/2022 |
| Name of Offender: | SMOCKS, Troy Anthony |
| Docket Number: | 1:21CR00198-001 |
| Offense: | Threats in Interstate Commerce, 18 USC § 875(c) |
| Original Sentence: | 10/21/2021: 14 months imprisonment, 36 months supervised release,<br>$100 special assessment. Special condition(s) as follows:<br><br>• computer monitoring/search |
| Supervision Began: | 1/12/2022 |
| Supervision Expires: | 1/11/2025 |

The probation officer believes the conditions of supervision should be modified as follows:

**Nature of Modification:**

1.  You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use.



**SMOCKS, Troy Anthony**
**Docket No: 1:21CR00198-001**
**Page 2**

2. Computer Search - You must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. You must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.

Pursuant to Rule 32.1(c) of the Federal Rules of Criminal Procedures, a waiver for a hearing was not signed and the United States Attorney's Office was notified of the proposed modification. The United States Attorney's Office does not oppose this request.

**Justification:** Our office requests the above reference modification(s) based on several reasons. On October 21, 2021, the Court imposed the special condition of computer monitoring/search with the intent for the United States Probation Office (USPO) to monitor and search computer devices. The special condition the Court imposed originally only allows the USPO to ensure the person under supervision is not tampering with or circumventing the computer monitoring software. This special condition does not allow the USPO to install computer monitoring software on a computer device or conduct reasonable suspicion searches on computer devices the person under supervision does not report to the USPO. The modifications will enable the probation officer to allow the person under supervision access to computers and internet-connected devices for a variety of reasons while monitoring and potentially deterring future violations of supervision.

Mr. Smocks offense conduct consists of using a computer device as an instrument/tool. With this type of criminal conduct, a computer or connected device is used to make traditional unlawful activity easier and faster. Appropriate special conditions to assist the probation officer in supervising this oftentimes sophisticated person under supervision might include prohibiting the person under supervision from owning or operating a computer, prohibiting the use of a device to access the internet, bulletin board systems, or chat rooms, and computer search. Monitoring computer and internet activity is a supervision tool that not only serves as a deterrent to future criminal behaviors, but also permits the person under supervision to use the internet for legitimate and necessary reasons (i.e., employment and education) to facilitate rehabilitation and reintegration into the community. Computer and internet monitoring may provide the least restrictive supervision method, as it permits internet access as opposed to conditions that impose more restrictive bans or limits on access to websites. Monitoring may enable the probation officer to customize each monitoring case based on risks associated with the person under supervision's offense history and other personal history and characteristics.

SMOCKS, Troy Anthony
Docket No: 1:21CR00198-001
Page 3

Under 18 USC § 3563(b)(22), the court may provide the defendant "satisfy such other conditions as the court may impose." These conditions serve the statutory sentencing purpose of deterrence, public protection, and rehabilitation, 18 USC § 3553(a)(2)(B)-(D). These conditions enable the probation officer to satisfy the statutory requirements to keep informed of the conduct and condition of the person under supervision and aid the person under supervision and bring about improvements in his conduct and condition, 18 USC §§ 3603(2)-(3).

**Supervision Adjustment:** Mr. Smocks residence is unstable; however, his employment is stable. Upon his release from custody, the USPO for the Eastern District of Texas (ED/TX) accepted supervision of his case. He resides at an extended stay motel, Intown Suites. He reports self-employment for a biohazard company, 74 Delta, earning approximately $3,500 per month. He has submitted his DNA sample and has paid his special assessment. A record check conducted on September 1, 2022; reveals he has not incurred any unreported law violations.

Referencing his special conditions, as referenced above, the USPO is unable to install computer monitoring software without the appropriate set of conditions imposed. The USPO for the ED/TX presented Mr. Smocks with a waiver of modification document to impose the appropriate set of conditions relevant to computer monitoring/search. Mr. Smocks declined to sign the waiver of modification document based on advice from counsel. As a result, our office requests the Court issue a summons to address the proposed modifications of supervised release.

SMOCKS, Troy Anthony
Docket No: 1:21CR00198-001
Page 4

**Recommendation:** Issue a summons and schedule a status hearing.

I declare under penalty of perjury that the foregoing is true and correct.

By: *Sean Stallman*          09/07/2022

Sean R. Stallman, Senior          Date
United States Probation Officer
(202) 565-1329

Approved by:    *Sondra A. Rhodes*       2022.09.07
15:34:22 -04'00'

Sondrá A. Rhodes, Supervisory     Date
United States Probation Officer
(202) 565-1349

***Notice to Person Under Supervision:***
Troy Anthony Smocks
1240 West Trinity Mills Road, rm #313
Carrollton, TX 75006
(940) 594-0639

AO 83 (Rev. 06/09, DC 3/2010) Summons in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

District of Columbia

2022 SEP 10 A 9 21

| United States of America | ) |
| v. | ) |
| | ) |
| TROY ANTHONY SMOCKS | ) Case No. 21-198 (TSC) |
| | ) |
| *Defendant* | ) |

DOB: 3/20/1962

## SUMMONS IN A CRIMINAL CASE

**YOU ARE SUMMONED** to appear before the United States district court at the time, date, and place set forth below to answer to one or more offenses or violations based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint

☐ Probation Violation Petition   ☑ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of Court

| Place: United States District Court<br>333 Constitution Avenue, NW<br>Washington, DC 20001 | Courtroom No.:   By Zoom |
| | Date and Time:   October 4 at 12:30 |

This offense is briefly described as follows:

See Petiton attached.

ANGELA D. CAESAR, Clerk

Date:   09/12/2022   BY:

*Issuing officer's signature*

Tim Bradley, Courtroom Deputy

*Printed name and title*

I declare under penalty of perjury that I have:

☐ Executed and returned this summons   ☐ Returned this summons unexecuted

Date:

*Server's signature*

**EXHIBIT**

4

*Printed name and title*