IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: TROY A. SMOCKS | § § § § § § | CIVIL ACTION NO. 4:22cv838 |

**MEMORANDUM OPINION AND ORDER**

The above-entitled and numbered civil action, entitled "Emergency Petition for Writ of Prohibition" (Dkt. #1), was referred to United States Magistrate Judge Kimberly C. Priest Johnson. In this case, Petitioner is challenging the legality of the conditions imposed for supervised release in his conviction for Threats in Interstate Communications, in violation of Title 18, U.S.C. § 875(c). *See United States v. Smocks*, No. 1:21cr198-TSC, (D.C. Ct. Dec. 3, 2021).

On October 21, 2022, the Magistrate Judge issued a Report and Recommendation (Dkt. #8) in which she recommended that the case be transferred to the United States District Court for the District of Columbia, Washington, D.C., as it is the court that sentenced Petitioner after he pled guilty, and it establishes the conditions for supervised release. Petitioner timely filed objections (Dkt. #9), complaining that the Magistrate Judge failed to "give consideration to established federal law which controls the purpose of Prohibition and the authority vested in a district judge by Article III, to the Constitution of the United States to issue the writ." (Dkt. #9, p. 1).

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted). A federal court must presume that an action lies outside its limited jurisdiction,

1

and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Id*. Petitioner fails in this regard. In short, because Petitioner was sentenced in the United States District Court for the District of Columbia, and the sentencing court retains jurisdiction to modify conditions of supervised release, this Court cannot offer Petitioner any relief.[1] *See, e.g., United States v. Johnson,* 529 U.S. 53, 54 (2000) ("The trial court, as it sees fit, may modify an individual's conditions of supervised release."); *see also Herndon v. Upton,* 985 F.3d 443, 447 (5th Cir. 2021) (absent a transfer of jurisdiction over a prisoner's term of supervised release, only the sentencing court has authority to modify the terms of a prisoner's supervised release).

Having conducted a *de novo* review and considered Petitioner's objections, the Court concludes that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

It is therefore **ORDERED** that Petitioner's action is **TRANSFERRED** to the United States District Court for the District of Columbia, Washington, D.C., for further proceedings in accordance with the rules of that district.

**SIGNED this 17th day of November, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Petitioner has filed several motions including "Emergency Motion for Oral Hearing on Motion to Construe Relator's Emergency Petition for Writ of Prohibition as an Application for Preliminary Injunction with Expediant Consideration" (Dkt. #10). Because the Court lacks jurisdiction over this case, it declines to rule on any pending motions.