IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TROY ANTHONY SMOCKS<br><br>    Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CASE NO. 22-CV-3534 (TSC) |

### GOVERNMENT'S MOTION TO DISMISS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion to dismiss the amended complaint (Dkt. 5, "Am. Comp.") under Federal Rule of Civil Procedure ("Civil Rule") 12(b)(1) for lack of subject-matter jurisdiction.

### BACKGROUND

Plaintiff Troy Anthony Smocks was charged by indictment in the United States District Court for the District of Columbia on March 9, 2021, with two violations of 18 U.S.C. § 875(c) (threats in interstate commerce) (Case No. 21-cr-198, Dkt No. 8).

On September 29, 2021, Smocks pleaded guilty to count one of the indictment pursuant to a plea agreement (Case No. 21-cr-198, Dkt No. 54). At the plea hearing, Smocks agreed that he had sent threatening messages (to injure law enforcement officers, politicians, and business executives) on social media on January 6, 2021, using a social media profile that falsely indicated that he was a retired military officer. (Case No. 21-cr-198, Dkt No. 53 at 3-5; Case No. 21-cr-198, 09/29/21 Transcript at 13-16, attached as Exhibit A.)[1]

---

[1] Smocks had used the same social media account to make numerous other disturbing social media

On September 7, 2021 (more than three weeks prior to the plea hearing), the United States Probation Office ("USPO") disseminated a draft Presentence Investigation Report stating that the Court may impose "computer monitoring/search" as a condition of supervised release "based on [Smocks'] acts in the instant case, which included the transmittal in interstate or foreign commerce of any communication containing any threat to injure the person of another." (Case No. 21-cr-198, Dkt No. 51 at 27.)  The USPO included the same language in its final Presentence Investigation Report disseminated on October 4, 2021 (Case No. 21-cr-198, Dkt No. 55 at 28).[2] Smocks did not object to the proposed computer monitoring condition. (*Id*. at 33-35.)  Also on October 4, 2021, the USPO disseminated its sentencing recommendation, stating: "it is recommended that the Court impose computer monitoring and/or search, based on Smocks' acts in the instant case . . .".  (Case No. 21-cr-198, Dkt No. 56 at 2.)

On October 19, 2021, Smocks filed his memorandum in aid of sentencing raising no objection to a computer monitoring/search requirement as a condition of supervised release (Case No. 21-cr-198, Dkt No. 60).

On October 21, 2021, the Court sentenced Smocks to a 14-month term of imprisonment, to be followed by 36 months of supervised release. (Case No. 21-cr-198, 10/21/21 Transcript at 50, attached as Exhibit B.)  According to the transcript of the sentencing hearing, the Court set conditions of supervised release including:

---

posts in the weeks leading up to January 6, 2021, as explained (without rebuttal) in the government's sentencing memorandum. (*See* Case No. 21-cr-198, Dkt No. 59 at n.3.)

[2] The final Presentence Investigation Report detailed Smocks' approximately 17 prior criminal convictions, spanning from the early 1980s through 2006 (with multiple revocations of supervised release or probation), some of which involved the use of computer equipment to, among other things, create false identification documents and counterfeit financial instruments. (Case No. 21-cr-198, Dkt No. 55 at 8-23.)

2

> Computer monitoring and search.  To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches of any computers as defined in 18 U.S.C. § 1030(c)(1)[3] subject to computer monitoring.
>
> These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation.  You must warn other people who use these computers that the computers may be subject to searches pursuant to this condition.

(Exhibit B at 51-52.)  Smocks raised no objection to this term of supervised release.

Also at the sentencing hearing, the Court noted that Smocks' social media posts on January 6 went to "tens of thousands of users" and that they "encouraged people who were actively fighting law enforcement, people who were actively engaged in trying to stop the transition of power." (Exhibit B at 44-45.)  The Court noted that Smocks had approximately 17 prior criminal convictions, most of which "involved some form of deception and fraudulent behavior, and he's frequently impersonated a law enforcement or military officers, as he did in this case." (*Id*. at 47.)  Smocks' last period of supervised release had ended just two years before his criminal activity on January 6, 2021, and Smocks' record was "notable for his apparent inability to live a law-abiding life." (*Id*. at 47.)  The Court evaluated Smocks' personal statement at sentencing as follows: "you do not appear to have any genuine remorse or even really an understanding of the seriousness of your actions.  And moreover, you come into this court and portray yourself as a victim of racism, which I completely reject." (*Id*. at 49-50.)

---

[3] The transcript reference to § (c)(1) appears to be a mis-transcription by the court reporter, as the definition of a computer is contained in § (e)(1), which sounds similar to (c)(1) when spoken aloud.

On November 4, 2021, Smocks filed a Motion to Correct Sentence in Case No. 21-cr-198, but he raised no objection to the computer monitoring/search term of supervised release (Case No. 21-cr-198, Dkt Nos. 64, 66).  This Court denied the Motion to Correct Sentence on December 20, 2021 (Case No. 21-cr-198, Dkt Nos. 69-70).

On September 7, 2022 (nearly 11 months after the Court imposed sentence), the USPO for the United States District Court for the District of Columbia filed a Petition seeking a modification of the terms of supervised release, to specify that Smocks "must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) [he] use[s]." (Case No. 21-cr-198, Dkt No. 71 at 1.)  The Petition explained that Smocks' residence was "unstable," but that Smocks was self-employed at his biohazard company.  (*Id*. at 3.)  The Petition stated that the USPO for the Eastern District of Texas ("E.D.T.X.") had, "upon [Smocks'] release from custody, . . . accepted supervision of his case." (*Id*. at 3.)  The Petition identified the need for the modification as follows: "the USPO is unable to install computer monitoring software without the appropriate set of conditions imposed," and because Smocks declined to sign a waiver of his right to a hearing under Federal Rule of Criminal Procedure ("Criminal Rule") 32.1(c).  (*Id*. at 3.)

The Court held a preliminary revocation hearing on October 5, 2022, and allowed Smocks an opportunity to present any objection to the proposed modification in writing.

On October 17, 2022, Smocks objected in writing ("Objection to Probation Petition") to the computer monitoring/search requirement imposed as a term of supervised release (Case No. 21-cr-198, Dkt No. 75 at 3) (Smocks "strongly objects to the Probation Office Permission's request to do any monitoring of his electronic communications").  Smocks' Objection indicated that in

July 2022, he had filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Texas ("USDC-E.D.T.X.") (Case No. 22-cv-592, E.D.T.X.) alleging "actual innocence" in this criminal case and challenging the validity of his conviction.[4] Smocks' Objection also indicated that on September 30, 2022, he had filed an emergency petition for a writ of prohibition in the USDC-E.D.T.X. (Case No. 22-cv-838, E.D.T.X.) seeking an order preventing the USPO from installing computer monitoring software on Smocks' computers.[5] The Objection argued that this Court lacks jurisdiction to modify the terms of supervised release, and that the proposed modification would violate Smocks' rights under the First Amendment of the United States Constitution. The United States filed a response to the objection on October 26, 2022 (Case No. 21-cr-198, Dkt No. 76).

On November 2, 2022, after a hearing, the Court issued an order modifying the conditions of supervised release and rejecting the claims raised by Smocks in the Objection (Case No. 21-cr-198, Dkt No. 77). The Court's order explicitly required Smocks to allow the probation officer to install computer monitoring software on his electronic devices, and to allow the search of the

---

[4] On October 20, 2022, the United States Magistrate Judge in the E.D.T.X. issued a Report and Recommendation in Case No. 22-cv-582 recommending that the case be transferred to the District of Columbia "for further proceedings in accordance with the rules of that district." (Case No. 22-cv-592, E.D.T.X., Dkt No. 9.) The United States Magistrate Judge explained that "[t]he appropriate venue for challenges to the legality of a conviction is in the district court that convicted and sentenced the petitioner." (*Id*.)

[5] On October 21, 2022, the United States Magistrate Judge in the E.D.T.X. issued a Report and Recommendation in Case No. 22-cv-828 recommending that the case be transferred to the District of Columbia "for further proceedings in accordance with the rules of that district." (Case No. 22-cv-838, E.D.T.X., Dkt No. 8 at 3.) The Report and Recommendation explained that the D.D.C. "is the appropriate venue for challenges to conditions of supervised release" because the D.D.C. "is the sentencing court" which "retains jurisdiction to modify conditions of supervised release . . .". (*Id*. at 3.) The Report and Recommendation also raised an issue about whether Smocks resides in the E.D.T.X. at all. (*Id*. at 2.)

devices upon reasonable suspicion. (*Id*.) The Court denied a request from Smocks to stay the order pending an appeal. (*Id*.)

On November 7, 2022, Smocks filed a notice of appeal in the D.C. Circuit Court of Appeals, assigned Case No. 22-3087.

This civil case (Case No. 22-cv-3534) was transferred from the E.D.T.X. (Case No. 22-cv-838, E.D.T.X.) to this Court on November 21, 2022. (Case No. 22-cv-3534, Dkt No. 12). The complaint seeks an order prohibiting the USPO from installing computer monitoring software, alleging that such installation would violate Smocks' First Amendment rights. (Case No. 22-cv-3534, Dkt No. 5.) The complaint alleges that there is jurisdiction for such an order to be issued in this civil case under 28 U.S.C. § 1651(a) (All Writs Act). The District Court in the E.D.T.X. had determined that it lacked jurisdiction to modify the terms of supervised release prior to transferring the case to this Court. (Case No. 22-cv-3534, Dkt No. 11).

## ARGUMENT

The Court plainly lacks jurisdiction over plaintiff's civil action seeking to collaterally challenge the conditions of his supervised release established by the Court.

**A.**     **Legal Standard.**

Under Civil Rule 12(b)(1), a plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). A court considering a Civil Rule 12(b)(1) motion must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). A

court may examine materials outside the pleadings as it deems appropriate to resolve the question of its jurisdiction. *See Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

**B.     Plaintiff's Cited Jurisdictional Basis Affords the Court No Subject Matter Jurisdiction.**

As an initial matter, Plaintiff, represented by counsel, cites "Rule 21(a)" in the portion of the Amended Complaint containing his allegations of subject matter jurisdiction. Am. Compl. at 1. These allegations are necessary because, among the requirements of Civil Rule 8(a), a pleading stating a claim for relief must include "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). But "Rule 21(a)" provides no subject matter in this action.

As an initial matter, it is unclear to which "Rule 21(a)" plaintiff cites. There is no Civil Rule 21*(a)*, and Civil Rule 21 concerns the misjoinder or nonjoinder of parties. Fed. R. Civ. P. 21. Criminal Rule 21(a) is likewise inapplicable—it provides provisions regarding the transfer of a criminal trial for prejudice. Fed. R. Crim. P. 21(a).

As best as the United States can guess, Plaintiff perhaps intends to cite to Federal Rule of Appellate Procedure ("Appellate Rule") 21(a), which provides procedures for considering a petition for a writ of mandamus or prohibition filed in a U.S. Court of Appeals. Plainly, those rules do not apply to a civil action filed in District Court. Fed. R. App. P. 1(a)(1) ("These rules govern procedure in the United States courts of appeals."). Moreover, and in any event, rules of procedure do not expand the subject matter jurisdiction of federal courts. *See, e.g.,* Fed. R. Civ. P. 82 (The Civil Rules "do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978) ("it is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal

7

jurisdiction"). Accordingly, assuming Plaintiff's jurisdictional allegation refers to Appellate Rule 21(a), it provides no basis for subject matter jurisdiction in this suit.

### C. Other Potential Sources of Subject Matter Jurisdiction Are Lacking.

While Plaintiff's counsel's inartful pleading is perhaps not dispositive, *see, e.g., Katchmark v. New Life Christian Church*, Civ. A. No. 21-1278 (RC), 2021 WL 5416637, at *4 (D.D.C. Nov. 19, 2021) (in a pro se case, "[t]he district court may sustain jurisdiction when an examination of the entire complaint reveals a proper basis for assuming subject matter jurisdiction other than one that has been improperly asserted by the pleader or otherwise demonstrates that jurisdiction exists when the Rule 8(a)(1) allegation is defective in some regard"), no other theories of subject matter jurisdiction are apparent from the amended complaint.

For example, the amended complaint cites the All Writs Act, 28 U.S.C. § 1651, as the basis for venue. Even if Plaintiff intended this to be a jurisdictional allegation, it does nothing to save his suit. It is well-established that the All Writs Act merely provides remedial authority to federal courts. It is not an independent grant of subject matter jurisdiction. *Carson v. Off. of Special Couns.*, 563 F. Supp. 2d 286, 288 (D.D.C. 2008) ("the All Writs Act allows the Court to order a remedy only where subject matter jurisdiction already exists") (citing *Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 76 (D.C. Cir. 1984) ("[I]t is firmly established that [Section] 1651 does not expand the jurisdiction of a court.")).

Were the Court to peer beyond the allegations in Plaintiff's complaint to other potential sources of jurisdiction, it would also find none. The closest would be the Court's federal question jurisdiction under 28 U.S.C. § 1331 coupled with the waiver of sovereign immunity contained in the Administrative Procedure Act ("APA"), which provides a general waiver for non-monetary

claims challenging governmental action. *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 186 (D.C. Cir. 2006). The problem for Plaintiff here is that the APA does not waive sovereign immunity for actions seeking review of "the courts of the United States," 5 U.S.C. § 701(b)(1)(B), or its administrative units, including the U.S. Probation Office. *Foreman v. Fed. Bureau of Prisons*, Civ. A. No. 17-2367, 2017 WL 11493265, at *1 (D.D.C. Dec. 18, 2017) ("as an administrative unit of the federal district court, the U.S. Probation Office is not subject to . . . the APA") (internal quotation marks omitted) (citing *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 17 F.3d 1446, 1449 (D.C. Cir. 1994)).

As in *Foreman*, "this civil court cannot grant the relief plaintiff seeks. Plaintiff's recourse lies, if at all, in the sentencing court in proceedings under" the Criminal Rules. *Foreman*, 2017 WL 11493265, at *1. Ultimately, because there is no jurisdictional basis for Plaintiff's suit, the Court should dismiss it under Civil Rule 12(b)(1).[6]

\* \* \*

---

[6] We incorporate by reference the United States' prior arguments for why the computer monitoring requirement is lawful and appropriate, and the Court's decision to modify the conditions of supervised release. (Case No. 21-cr-198, Dkt Nos. 76-77.)

## CONCLUSION

For these reasons, the amended complaint should be dismissed. A proposed order is enclosed herewith.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052


By:      /MJF/
MICHAEL J. FRIEDMAN
N.Y. Bar 4297461
Assistant U.S. Attorney
United States Attorney's Office
601 D St., NW
Washington, D.C. 20530
202-252-6765
Michael.Friedman@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**TROY ANTHONY SMOCKS**

    **Plaintiff**

v.

**UNITED STATES OF AMERICA,**

    **Defendant.**

CASE NO. 22-CV-3534 (TSC)

## [PROPOSED] ORDER

UPON CONSIDERATION of the United States' motion to dismiss and the entire record herein, it is hereby

ORDERED that the United States' motion is GRANTED; and it is further

ORDERED that this action is DISMISSED for a lack of subject matter jurisdiction.

SO ORDERED:

_____        _____

Dated

TANYA S. CHUTKAN
United States District Judge

CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2022, I caused a copy of this motion to dismiss to be served via e-mail on John Machado and Mark Lieberman, counsel for Troy Anthony Smocks.

/MJF/
Michael J. Friedman